## Wzontek *v.* Zurich Insurance Company, Appellant.

■■■■■■■■■■■■
■■■■■■■■■■■■
■■■■■■■■■■■■

Argued January 6, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John B. O'Brien,* for appellant.

*Francis H. S. Ede,* with him *Charles L. Shimer,* for appellee.

OPINION BY MR. JUSTICE ROBERTS, April 20, 1965:

This appeal involves the interpretation of an insurance contract.

On July 20, 1958, appellee's decedent, Anthony J. Wzontek, was killed in an airplane accident while a passenger in an airplane piloted by Robert J. Williams. Williams was also killed in the same accident. The relevant facts are undisputed. Williams held a private pilot's license and he rented the airplane involved from Edwin S. Braden, trading as Braden's Flying Service. Braden was insured by appellant, Zurich Insurance Company. The airplane was one of those listed in the "Aircraft Schedule" attached to the insurance policy issued to Braden, which policy was in full force and effect at the time of the accident.

Appellee, administrator of Wzontek's estate, instituted a trespass action against Williams' estate and obtained a judgment in the amount of $15,000. The present proceeding was instituted by appellee who claimed that appellant was liable to Williams' estate under the insurance policy, and issued an attachment execution against appellant in order to collect the judgment.[1]

Appellant chose to defend solely on the ground that Williams was not an "insured" and was excluded from coverage under provisions of the policy issued to Braden. The trial judge, however, directed a verdict for appellee, and a subsequent motion for judgment n.o.v. by appellant was denied. Appellant's sole contention on appeal is that Williams is a "renter pilot" within the meaning of subsection III of the printed portion of the policy and is therefore excluded from coverage.[2] That subsection reads:

----

[1] The policy provided that any person or the legal representative thereof who has secured a judgment against an insured shall thereafter be entitled to recover under the policy to the extent of the insurance afforded by the policy.

[2] The term "renter pilot" is nowhere specifically defined in the policy.

"III Definition of 'Insured' (Coverages A.B.C. D and E).

"With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'insured' includes the named insured *and also includes any person while using the aircraft* and any person or organization legally responsible for the use thereof, provided the actual use of the aircraft is by the named insured or with his permission. *The insurance with respect to any person or organization other than the named insured does not apply:* . . . (c) *to a* student or *renter pilot* or anyone operating the aircraft with the actual or implied knowledge or consent of a renter pilot." (Emphasis supplied.)

Other sections of the policy, both printed and typewritten, contain language broad enough to extend coverage to Williams. Under the heading of "Exclusions", the policy provides: "This Policy Does Not Apply: . . . (d) while the aircraft is being operated in flight by any pilot other than the pilot(s) named or described in Item 8 of the declarations unless specifically approved by endorsement attached to this policy."

Numerous "Declarations" appear on the printed policy form which has blank spaces for the insertion of required information. These declarations are attached to the policy and made a part thereof:—"Insured is *Individual.*"—"Business of Insured *Sales, Instruction, Rental & Charter.*"—Item 7. "Uses: *Commercial.*" Item 8 of the "Declarations" ("Pilots") is completed by reference to the endorsements. In respect to Item 8, the endorsements provide: "The Insured Aircraft will only be flown by the following Pilot(s) : . . . (b) . . . [As respects the aircraft involved in this case]—*Any* Private or Commercial Certificated Pilot, also any Student Pilot under the supervision of a Commercial Certificated Instructor Pilot." (Emphasis supplied.)

Furthermore, the printed policy provisions contain the following "Definitions": "(1) *Commercial* includes all uses enumerated in the definitions of Instruction and Rental. . . ." "(j) *Instruction and Rental* is defined as used principally in the business of the insured, including student instruction, rental to others and Pleasure and Business purposes but excluding passenger carrying for hire."

We find it unnecessary to determine whether Williams must be considered a "renter pilot" within the meaning of the exclusionary provision. That provision appears only in the printed portion of the policy while typewritten "declarations" clearly express the intention to extend insurance coverage to *"Any* Private or Commercial Certificated Pilot"[3] who is flying an airplane listed in the policy. We believe, as did the court below, that the facts of *Newman v. Massachussetts Bonding & Ins. Co.,* 361 Pa. 587, 65 A. 2d 417 (1949), are sufficiently similar to those in the present case to make that decision controlling.

In *Newman,* the exclusionary clause was a printed provision which stated that the policy did not apply to injury to buildings or contents thereof caused by the "overflow of water . . . from plumbing, heating, refrigerating, air conditioning, or automatic sprinkler systems. . . ." The policy contained "declarations" under which there appeared an item entitled "Coverage Analysis" which provided blanks for insertions for any or all of six classes of hazards. Under the first class, "Premises and Operations", these typewritten words were inserted: "No. 2473—Photographers—Commercial—all operations—including studios (Aerial Photography or the Production of Motion Pictures to be separately rated." In rejecting the contention that the printed exclusion precluded liability on the part of the

---

[3] Emphasis supplied.

34

insurance company for certain water damages, the Court held in *Newman*: "The Coverage Analysis recited the business of the assured (commercial photographers) and provided that the coverage was on 'all operations—including studios.' The court must give effect to every word that can be given effect. By the familiar rule applicable in such circumstances, that typewritten provision, which is the parties last expression of their intention, must be given effect to the exclusion of the printed portions in Exclusion(h) [Citing cases.]." 361 Pa. at 591-92, 65 A. 2d at 419.

The printed provision respecting "renter pilots", whatever that term might mean, must yield to the typewritten "declarations" covering any private or commercial certificated pilot who flies an airplane listed in the policy. We therefore conclude that Williams, as a licensed, private pilot, was covered as an insured under such policy.

Judgment affirmed.