## MARTIN v. OHIO CASUALTY INSURANCE COMPANY.

1. INSURANCE—CONSTRUCTION OF POLICY.

    An insurance policy is considered as a whole and should be construed liberally in favor of the insured.

2. SAME—TYPED PROVISIONS WHICH MODIFY PRINTED PROVISIONS.

    Typed provisions in insurance policy containing both typewritten and printed provisions are special conditions which modify the printed portions and the printed portions must yield to the typed ones.

3. SAME—TYPED AND PRINTED PROVISIONS—CONSTRUCTION OF POLICY—AIRPLANES.

    Typed provision in airplane insurance policy which permits use of the aircraft for "commercial" use, including operation by persons under rental agreement providing remuneration to owner of airplane, and which modifies the printed provision that the term "insured" does not apply to a person operating the aircraft under the terms of a rental agreement providing remuneration to the owner of the aircraft, coupled with provision that insurance company will defend any suit against the insured alleging injury to or destruction of property caused by use of the aircraft and would pay all expenses of such defense, *held*, to extend coverage to plaintiffs who rented aircraft and damaged it while operating it, rendering the insurance company liable for expenses plaintiffs incurred in defending action brought by insurance company against them to recover damages to the plane.

Appeal from Common Pleas Court of Detroit; Stanczyk (Benjamin C.), J. Submitted Division 1

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur, Insurance §§ 250, 258.
[2, 3] 29 Am Jur, Insurance § 255.

October 3, 1967.   (Docket No. 3,131.)   Decided
March 20, 1967.   Leave to appeal denied June 18,
1968.   See 381 Mich 755.

Action by Joseph Martin and William Deneen
against the Ohio Casualty Insurance Company to
recover expenses incurred in defending suit brought
by defendant against them.   Judgment for plaintiffs.
Defendant appeals.   Affirmed.

*John E. Young,* for plaintiffs.

*Davidson, Gotshall, Kelly, Halsey & Kohl (Charles
E. Randau,* of counsel), for defendant.

T. G. KAVANAGH, J.   Defendant, Ohio Casualty In-
surance Company, issued an aircraft liability in-
surance policy to the Finney Aviation company pro-
viding insurance coverage for property damage
arising out of use of the insured aircraft.   Plaintiffs
rented a plane from Finney Aviation and while they
were operating the plane, *i.e.,* taxiing down a run-
way, it hit a curb, nosed over and was damaged.
Pursuant to the insurance policy defendant paid
Finney Aviation $2,179 for damages to the plane.

The defendant insurance company, as subrogee
of Finney, sued plaintiffs, Martin and Deneen, for
$2,179, on the theory that plaintiffs were liable for
damages to the plane caused by them.

The insurance policy issued to Finney Aviation
provided that defendant insurance company would
defend any suit against the insured alleging injury
to or destruction of property caused by accident
and arising out of the ownership, maintenance or
use of the aircraft and would pay all expenses of
such defense.   Plaintiffs, claiming that they were
insured by definition under the policy, timely de-

manded that Ohio Casualty assume defense of that suit and pay the expenses thereof. The insurance company refused so to do. Martin and Deneen retained counsel at their own expense and judgment of no cause of action was entered in their favor on the ground that they had not been negligent in the operation of the plane.

Having successfully defended that action, plaintiffs commenced this action againt defendant for expenses incurred in defending the prior suit. The lower court held that plaintiffs were insured under the policy and accordingly judgment in their favor was entered in the amount of $1,256 plus costs and attorney fees. Defendant appealed.

The sole issue before us is whether the lower court was correct in its ruling that plaintiffs were insured under the policy or whether, as defendant claims, plaintiffs are not covered under the policy because they were operating the plane under a rental agreement.

Two provisions of the insurance policy are pertinent to the question before us. Paragraph III of the "Insuring Agreements" defines "Insured" as follows:

"The unqualified word 'Insured' wherever used in this policy with respects to coverages A, B, C, and D, includes not only the named insured but also any person while using or riding in the aircraft and any person or organization legally responsible for its use, provided the actual use is with the permission of the named insured.

"The provisions of this paragraph do not apply: * * *

"(d) to any person operating the aircraft under the terms of any rental agreement or training program which provides any remuneration to the named insured for the use of said aircraft."

Item 6 of the "Declarations" provides:

"The aircraft will be used only for the purposes indicated by 'X': * * *

"☒(e) 'Commercial'. The term 'Commercial' is defined as including all the uses permitted under (c) and (d) above."

Item 6 (c) referred to in the above-quoted clause permits rental of aircraft to pilots.

The question before us is one of first impression in Michigan, and while cases involving such clauses as these in aircraft insurance policies are not numerous, there is a sufficient number from which to glean some general rules of construction. See *Petro* v. *Ohio Casualty Ins. Co.* (1950, SD Calif), 95 F Supp 59; *Fireman's Fund Insurance Company* v. *McDaniel* (1960, ND Miss), 187 F Supp 614; *Wzontek* v. *Zurich Insurance Company* (1965), 418 Pa 30 (208 A2d 861); *Roberts* v. *Underwriters at Lloyds London* (1961, SD Idaho), 195 F Supp 168; *Continental Casualty Company* v. *Warren* (1953), 152 Tex 164 (254 SW2d 762). The policy is to be considered as a whole and should be construed liberally in favor of the insured. This is in line with the Michigan rule as to construction of insurance policies generally. See *Allor* v. *Dubay* (1947), 317 Mich 281. Where the policy contains both typewritten and printed provisions, the latter must yield to the former because of the rule that typed provisions are deemed special conditions modifying the printed portions. It was this latter rule that the trial court invoked, and properly so, in ruling that item 6 of the "declarations" modified the definition of "insured" and extended coverage to a renter pilot. An "X" was typed into the box in front of subsection (e) of item 6, and this is the provision that authorized the use of the insured aircraft for rental to pilots. We hold that the court correctly ruled that

this provision modified the definition of "insured" and extended coverage to plaintiffs. "To hold otherwise would be to permit the * * * insurance company to 'blow hot and cold' in one breath, or, to give coverage in one part of the policy and take it away in another." *Fireman's Fund Insurance Company* v. *McDaniel, supra,* at page 618. The only reasonable construction of this policy is that the purpose of item 6 is to indicate the extent of the authorized use of the aircraft and that protection is afforded for damages arising out of such authorized use. Since plaintiffs were insured under the policy defendant was obliged to pay the expenses of litigation incurred by plaintiffs, and plaintiffs were properly permitted to recover such expenses.

Affirmed, costs to appellees.

Lesinski, C. J., and J. H. Gillis, J., concurred.