Nancy Boyd MELTON et al., Appellants,

v.

RANGER INSURANCE COMPANY, Appellee.

No. 17543.

Court of Civil Appeals of Texas, Fort Worth.

Oct. 18, 1974.

Rehearing Denied Nov. 15, 1974.

Atkins & Duke, Arlington, Byrd, Davis, Eisenberg & Clark, Don L. Davis and Tom H. Davis, Austin, for appellants.

Anderson, Henley, Shields, Bradford & Pritchard and L. W. Anderson, Dallas, for appellee.

OPINION

BREWSTER, Justice.

This is a suit on an aviation liability insurance policy issued by defendant, Ranger

Insurance Company. Both the plaintiffs and the defendant filed motions for summary judgment. The plaintiffs' motion was denied. The defendant's motion for summary judgment was granted and this is an appeal by plaintiffs from that summary judgment which denied them a recovery in the case.

The facts in the case are undisputed. On May 2, 1969, and prior thereto Ranger Insurance Company had in full force an aviation liability insurance policy which it had issued to Van Enterprises, Inc., d/b/a St. Louis Flying Service and to some other named insureds that are not involved here. On May 2, 1969, Donald S. Melton entered into an aircraft rental agreement with the St. Louis Flying Service, Inc., whereby Melton, for a fee payable to lessor, rented a Piper Cherokee aircraft from St. Louis Flying Service, Inc. Later that day this aircraft ran out of gas and crashed, fatally injuring the pilot, Melton, and six passengers. Thereafter, the estates of the passengers sued the pilot's (Melton's) estate for damages in the 96th District Court. Although requested to do so, the Ranger Insurance Company refused to defend the Melton Estate in that case. Thereafter the plaintiffs in that case, on February 10, 1972, obtained a judgment against the Melton Estate and then filed this suit against the defendant Ranger Insurance Company, seeking to collect under the terms of the liability policy, the amount of the judgment they had obtained in the other case against the Melton Estate.

The plaintiffs' claim is that Ranger Insurance Company is liable to them for the payment of the judgment they obtained against the Melton Estate because the renter pilot, Melton, was an omnibus insured under the liability insurance policy that Ranger Insurance Company had issued to Van Enterprises, Inc., d/b/a St. Louis Flying Service.

In the plaintiffs' only point of error they contend that the trial court erred in granting the insurance company's motion for summary judgment and in refusing to grant their motion for summary judgment because (a) the pilot, being a permissive user of the aircraft for one of the designated purposes of use in the policy, was an omnibus insured, and (b) the policy does not exclude coverage for renter pilots who carry passengers for hire.

We overrule this point and affirm the trial court's decree.

By the terms of the policy involved the insurer agreed to pay on behalf of the insured all sums that the insured became legally obligated to pay as damages because of bodily injury to persons or because of injury to or destruction of property caused by an occurrence and arising out of the ownership, maintenance or use of the insured aircraft. Under coverages F and G of the policy the insurer also agreed to pay for loss or damage to the aircraft itself.

Item 1 of the Declarations of the policy, entitled "Name of Insured," names the insureds as Van Enterprises, Inc., d/b/a St. Louis Flying Service and three other named firms that are not involved here.

Article III of the policy under the part of the policy entitled "Insuring Agreements" provides: "The unqualified word 'Insured' wherever used in this Policy with respect to Coverage A, B, C and D, includes not only the Named Insured but also any person while using or riding in the aircraft and any person or organization legally responsible for its use, provided the actual use is with the permission of the Named Insured.

*"The provisions of this paragraph do not apply:*

" . . .

*"(c) to any person operating the aircraft under the terms of any rental agreement or training program which provides any remuneration to the Named Insured for the use of said aircraft."* (Emphasis supplied.)

It was undisputed that at the time the plane involved crashed it was being operat-

ed by the pilot, Melton, under an aircraft rental agreement that provided a remuneration to the named insured, St. Louis Flying Service, Inc.

Section 6 of the part of the policy that is entitled "Declarations," is entitled "Purpose(s) of Use." This part of the policy is printed and it has subdivisions (a) through (g), and each of those subdivisions has in front of it a box that is to be checked or otherwise designated, if applicable. The policy here had an X in the box in front of Subdivision (e) of that Section 6 of the Declarations. This X had been placed in the box with a typewriter. This Subdivision (e) reads as follows: " 'Commercial.' The term 'Commercial' is defined as including all the uses permitted under (c) and (d) above."

Under Subsection (c) of Section 6, just referred to, it is provided that a permitted use is "for rental to pilots." This is the only part of (c) or (d) that is material here.

The plaintiffs argue that since the provisions of the declarations of the policy just referred to make "rental to pilots" a permitted use of the aircraft an ambiguity was thereby created as to whether or not a "renter pilot" was an omnibus insured under the terms of the policy and that the court in construing the policy should construe it to mean that the "renter pilot," Melton, was an omnibus insured under the policy at the time he crashed.

The question before us is one of construction.

We hold that the policy provisions involved are not ambiguous.

Some of the settled rules of law that govern us in deciding this case are set out in the case of Fruhman v. Nawcas Benevolent Auxiliary, 436 S.W.2d 912 (Dallas Civ.App., 1969, ref., n. r. e.) as follows:

"Since insurance policies are contracts, they are governed by the rules of interpretation that are applicable to contracts gen-erally and this notwithstanding the rule that contracts of insurance are to be strictly construed in favor of the insured. . . . United American Ins. Co. v. Selby, 161 Tex. 162, 338 S.W.2d 160, 84 A.L. R.2d 367 (1960) ; . . . (cases cited). Courts may only construe a contract of insurance as it was made; they are not authorized to make a new contract for the parties. Republic Nat. Life Ins. Co. v. Spillars, 368 S.W.2d 92, 5 A.L.R.3d 957 (Tex.Sup.1963) ; . . . (cases cited). Courts are without authority to needlessly reject any words or terms used in contracts of insurance by parties or delete any clause therein as surplusage, unless that action is judicially mandatory. Williams v. J. & C. Royalty Co., 254 S.W.2d 178 (Tex.Civ.App., San Antonio 1952, writ ref'd) ; . . . (cases cited). If words used in an insurance policy are plain and unambiguous, it is the court's duty to give effect to that language in accordance with its plain, ordinary meaning, and not create a new contract by arbitrary judicial construction. Vaughn v. Atlantic Ins. Co., 397 S.W.2d 874 (Tex.Civ.App., Tyler 1966, writ ref'd n. r. e.). All parts of the insurance contract are to be taken and considered together, and such meaning shall be given to them as will carry out and effectuate to the fullest extent the true intention of the parties. . . . In construing the contract the policy should be viewed as a whole, and not isolated portions thereof, and giving the effect of each part where that can be done with reasonable certainty. *An implication cannot be allowed to override an express provision of the contract.* National Security Life & Cas. Co. v. Davis, 152 Tex. 316, 257 S.W.2d 943, 38 A.L. R.2d 764 (1953)." (Emphasis supplied.)

■ The question of whether an ambiguity exists in the language of a contract is a law question. St. Paul Mercury Insurance Company v. Price, 359 F.2d 74 (Fifth Circuit, 1966).

The following is from Jameson v. Mutual Life Insurance Company of New

York, 415 F.2d 1017 (Fifth Circuit, 1969):
"All provisions of an insurance contract should be read together and construed according to the plain meaning of the words involved, in order to avoid ambiguity while at the same time seeking to give effect and meaning to all portions of the policy. An interpretation which gives a reasonable meaning to all provisions is preferable to one which leaves a portion of the policy useless, inexplicable or creates surplusage."

To the same effect see Bruce v. Lumbermens Mutual Casualty Company, 222 F.2d 642 (Fourth Circuit, 1955).

And in the case of General American Indemnity Company v. Pepper, 161 Tex. 263, 339 S.W.2d 660 (1960), the court announces the following settled rules of law: (1) all parts of· the contract will be considered together and such meaning will be given them that will carry into effect the intent of the parties; (2) the contract will be construed in accordance with its plain language; (3) it is only where there is uncertainty as to meaning of a part of a policy that rules of construction apply. In other words the rule of construction that a policy shall be construed most favorably to the insured does not apply unless there is an ambiguity created by the language of the policy. (See also on this Royal Indemnity Company v. Marshall, 388 S.W.2d 176 (Tex.Sup., 1965)). Another applicable rule announced in the Pepper case is that a court is not at liberty to revise an agreement into one that the parties did not make while professing to construe it.

When we consider the facts of this case in the light of the rules laid down in the above cited cases, we are convinced that the trial court's judgment herein is correct.

The clause of the policy involved here that defines "insured" spells out who the insureds in the policy are and the plain wording of that part of the policy expressly excludes a "renter pilot" from being insured by the policy.

No part of the policy expressly provides that a "renter pilot" is an insured under the policy. If a renter pilot is an insured it must be so because of implication from language used in another part of the policy.

The part of the policy that it is claimed creates an ambiguity or uncertainty as to whether "renter pilots" are insureds reads:
"6. Purpose(s) of Use: The aircraft will be used only for the purposes indicated by 'X'. . . . 'X'(c) 'Limited Commerical'. The term 'Limited Commercial' is defined as including . . . Rental to pilots . . . ."

We hold that the effect of that clause is to provide that the loss covered by the policy must arise out of certain named uses, and that one such use is "rental to pilots." In other words, the purposes provision of the policy merely makes it clear that Van Enterprises, Inc.'s coverage for its negligence as a lessor not in possession of the plane is not forfeited by permitting a renter pilot to use the plane. This clause further permits the named insureds to recover under the policy for damage to the airplane itself in instances when such damage is sustained while the aircraft is in the hands of a renter pilot. It is not the purpose or the effect of the Purposes of Use provisions of this policy to designate who is or is not an insured under the policy.

Nothing in the Purposes of Use provisions of the policy in any way modifies, even by implication, the definition of "insured" contained in the policy. Its only purpose is to protect the named insured, Van Enterprises, Inc., while the aircraft is rented out.

We hold that the provisions involved were not intended to and do not make a renter pilot an insured under the policy.

The case of Omni Aviation Managers, Inc., v. Clarence D. Smith, 12 AVI 17.-642–17.643 (Calif. Superior Ct., 1972), is almost identical with the one before us. The above citation is to "Aviation Cases,"

a copy of the opinion being attached to appellee's brief, since they do not appear in the Reporter System.

The following statement is from the opinion in that case: "In our opinion, defendant's argument and the cited cases fail to distinguish between coverage with respect to the nature of the risks insured and coverage with respect to the persons insured. Inclusion of rental to pilots as a permitted use afforded protection or coverage to Western Skyway, the named insured, for damages caused by a renter pilot but did not extend such protection or coverage to a renter pilot who was expressly excluded from the definition of an 'insured.'"

We are convinced that this excerpt from that opinion is a correct analysis of the questions involved here. It correctly expresses the legal effect of the language use in the policy involved in this case.

On this appeal plaintiffs rely heavily on the case of Continental Cas. Co. v. Warren, 152 Tex. 164, 254 S.W.2d 762 (1953), wherein it was held that in instances where provisions of an insurance policy are ambiguous an insurer cannot escape liability merely because its interpretation should appear to be a more likely reflection of the intent of the parties than the interpretation urged by the insured. That court held that the latter has to be no more than one which is not itself unreasonable.

We hold that the holding in the Warren case is not applicable to the facts of this case because the language of the policy involved here is not ambiguous or uncertain. We also hold that it would not be a reasonable construction of the policy involved here to hold that the renter pilot was an insured in such policy.

The plaintiffs also rely on the case of Martin v. Ohio Casualty Insurance Company, 9 Mich.App. 598, 157 N.W.2d 827 (1968), which held under a fact situation similar to that involved here that the "purposes of use" provisions in the policy modified the "definition of insured" provisions

to the extent that the renter pilot became an insured under the policy.

We disagree with the holding in that case.

Another case that supports our decision in this case is Middlesex Mutual Insurance Company v. Roger B. Johnston, 12 AVI 17.583 (Cal.Ct. of App., 1972). The facts there are similar to the ones involved here.

The judgment is affirmed.