**RANGER INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**John Lee SILVERTHORN et al., Defendants-Respondents.**

No. KCD 28474.

Missouri Court of Appeals, Kansas City District.

June 27, 1977.

---

Max W. Foust, G. Spencer Miller, Morris, Foust, Beckett & Ponick, Kansas City, for plaintiff-appellant.

B. B. Turley, Wesner, Pine & Turley, Edgar S. Carroll, Warrensburg, for respondents.

Before SHANGLER, P. J., and WELBORN and HIGGINS, Special Judges.

ROBERT R. WELBORN, Special Judge.

Declaratory judgment action by issuer of aviation liability insurance policy to determine its obligation to defend and indemnify a renter from the named insured of an aircraft. Circuit Court held that the renter was an insured under the policy. Insurer appealed.

Ranger Insurance Company, a New York corporation with its principal administrative office in Texas, issued its policy of aviation liability insurance, for a term of one year from August 23, 1969, to H.T.P. Enterprises of Holden, Missouri. Aircraft scheduled under the policy included a 1968 Cessna 177. The Declarations stated that the aircraft covered will be "principally tied out" at Holden, Missouri Airport. The "Purpose(s) of Use" provision of the Declarations called for the use only for purposes "indicated by 'X'." A typewritten "X" was inserted in the box adjacent to purpose "(c) 'Limited Commercial.' The term 'Limited Commercial' is defined as including all the uses permitted in (a) and (b) above ["Pleasure and Business" and "Industrial Aid"] and including Student Instruction and Rental to pilots but excluding passenger carrying for hire or reward."

On July 19, 1970, H.T.P. Enterprises, Inc. rented the Cessna 177 to John Lee Silverthorn, a licensed pilot. While flying the plane near Elkton, Hickory County, Missouri, with Patricia and Ronald Kephart as passengers, not carried for hire, an accident occurred which resulted in injuries to the Kepharts.

In July, 1975, the Kepharts brought suit against Silverthorn and H.T.P. Enterprises, Inc. for injuries they claimed to have suffered in the accident. Petition and summons were served on Silverthorn who transmitted them to Ranger and demanded that Ranger defend him under the policy of insurance issued to H.T.P. Ranger denied that the policy covered Silverthorn. Silverthorn refused to execute a non-waiver and reservation of rights agreement to Ranger. Ranger brought this action for a declaration that the policy afforded no coverage to Silverthorn.

The case was submitted on a stipulation which covered essentially the above facts. A copy of the policy of insurance was included with the stipulation. The trial court

held that the policy did extend coverage to Silverthorn and this appeal followed.

The issue presented is whether or not the declaration of intended use incorporated in the policy produced an ambiguity in other terms of the policy defining persons other than the named insured to whom the benefit of the policy would be extended. Specifically, the printed provisions of the policy contained the following:

"III. Definition of 'Insured.' The unqualified word 'Insured' wherever used in this Policy with respect to Coverage A, B, C and D, includes not only the Named Insured but also any person while using or riding in the aircraft and any person or organization legally responsible for its use, provided the actual use is with the permission of the Named Insured.

The provisions of this paragraph do not apply:

\* \* \* \* \* \*

"(c) to any person operating the aircraft under the terms of any rental agreement or training program which provides any remuneration to the Named Insured for the use of said aircraft."

Ranger as appellant contends that the terms of the policy are clear and unambiguous and that, by such clear and unambiguous terms, Silverthorn as a renter pilot was excluded from coverage. Silverthorn, on the other hand, contends that the declaration of intended use, showing that the use of the aircraft was to include "Rental to pilots," produced an ambiguity in the definition of "insured" insofar as rental pilots were concerned and that the ambiguity should be resolved against the insurer so as to afford coverage to Silverthorn.

At the outset, the parties disagree as to the choice of law to be applied. For reasons which will become apparent, Ranger contends that the policy was a Texas contract and that Texas law must be applied in resolving the question. Both respondents Silverthorn and the Kepharts disagree and assert that the law of Missouri is applicable.

The conclusion reached obviates the necessity to make a firm resolution of this disagreement. The resolution by the Texas court of the problem here presented is convincing and this court believes that it correctly states the law on the issue. Whether it here be denominated Texas law or Missouri law is immaterial.

Texas law, relied upon by appellant, is found in the case of *Melton v. Ranger Insurance Company,* 515 S.W.2d 371 (Tex.Civ. App.1974). In that case, the responsibility of the insurer toward a rental pilot was considered under policy provisions identical with those here involved. The definition of "insured," excluding rental pilots and the "Purpose of Use" checked in the declaration was "(c) 'Limited Commercial' \* \* \* including \* \* \* Rental to Pilots \* \*." The argument advanced was the same as that here presented, i. e., that the inclusion of rental to pilots as a covered purpose of use created an ambiguity in the definition of who was covered under the policy. In rejecting the argument, the court stated (515 S.W.2d 374):

"The clause of the policy involved here that defines 'insured' spells out who the insureds in the policy are and the plain wording of that part of the policy expressly excludes a 'renter pilot' from being insured by the policy.

"No part of the policy expressly provides that a 'renter pilot' is an insured under the policy. If a renter pilot is an insured it must be so because of implication from language used in another part of the policy.

"The part of the policy that it is claimed creates an ambiguity or uncertainty as to whether 'renter pilots' are insureds reads:

" '6. Purpose(s) Of Use: The aircraft will be used only for the purposes indicated by "X" . . . "X" (c) "Limited Commercial." The term "Limited Commercial" is defined as including . . . Rental to pilots . . .'

"We hold that the effect of that clause is to provide that the loss covered by the policy must arise out of certain named uses, and that one such use is 'rental to pilots.' In other words, the purposes provision of the policy merely makes it clear that Van

Enterprises, Inc.'s coverage for its negligence as a lessor not in possession of the plane is not forfeited by permitting a renter pilot to use the plane. This clause further permits the named insureds to recover under the policy for damage to the airplane itself in instances when such damage is sustained while the aircraft is in the hands of a renter pilot. It is not the purpose or the effect of the Purposes of Use provisions of this policy to designate who is or is not an insured under the policy.

"Nothing in the Purposes of Use provisions of the policy in any way modifies, even by implication, the definition of 'insured' contained in the policy. Its only purpose is to protect the named insured, Van Enterprises, Inc., while the aircraft is rented out."

In *Buestad v. Ranger Insurance Company*, 15 Wash.App. 754, 551 P.2d 1033 (1976), the court arrived at the same result. In *Jahrman v. Valley Air Park, Inc.*, 333 So.2d 712 (La.App.1976), the court reached a similar conclusion under a slightly different provision excluding rental pilots.

Respondents rely upon *Martin v. Ohio Casualty Insurance Company*, 9 Mich.App. 598, 157 N.W.2d 827 (1968). Under a policy containing an exclusion of rental pilots in the printed definition of "Insured" and with a checked purpose of use in the declaration of "Commercial" which permitted rental of the aircraft to pilots, the court concluded that a rental pilot was an insured. In so concluding the court stated (157 N.W.2d 829):

" * * * The policy is to be considered as a whole and should be construed liberally in favor of the insured. This is in line with the Michigan rule as to construction of insurance policies generally. See *Allor v. Dubay* (1947), 317 Mich. 281, 26 N.W.2d 772. Where the policy contains both typewritten and printed provisions, the latter must yield to the former because of the rule that typed provisions are deemed special conditions modifying the printed portions. It was this latter rule that the trial court invoked, and properly so, in ruling that item 6 of the 'declarations' modified the definition of 'insured' and extended coverage to a renter pilot. An 'X' was typed into the box in front of subsection (e) of item 6, and this is the provision that authorized the use of the insured aircraft for rental to pilots. We hold that the court correctly ruled that this provision modified the definition of 'insured' and extended coverage to plaintiffs. 'To hold otherwise would be to permit the * * * insurance company to "blow hot and cold" in one breath, or, to give coverage in one part of the policy and take it away in another.' *Fireman's Fund Insurance Company v. McDaniel,* supra [D.C.], 187 F.Supp. [614] at page 618. The only reasonable construction of this policy is that the purpose of item 6 is to indicate the extent of the authorized use of the aircraft and that protection is afforded for damages arising out of such authorized use."

(This case received the attention of the Texas and Washington courts in the cases above cited but both declined to follow the Michigan court's holding.)

In *Wzontek v. Zurich Insurance Company*, 418 Pa. 30, 208 A.2d 861 (1965), the court reached the same result as the Michigan court and extended coverage to a rental pilot, despite the exclusionary provision of the printed policy, basing its opinion on the inclusion of rental as a purpose of use under the declaration.

The parties to this appeal, naturally, contend that the outstate authorities favorable to them are more consistent with general Missouri law on the construction of insurance policies. Respondent Silverthorn points out that Missouri has recognized the rule, relied upon in *Martin* and *Wzontek*, supra, that typed provisions of an insurance policy prevail over printed terms of the policy. *Hale v. Central Mfrs. Ins. Co.,* 93 S.W.2d 271, 275[9] (Mo.App.1936). As there noted that rule is applicable in the case of conflict between typed and printed provisions, but it was also recognized that, if possible, the construction will be accepted which permits both to stand.

Silverthorn also invokes the rule that a policy provision cutting down coverage will

be strictly construed against the insurer. *Clarkson v. MFA Mutual Insurance Company,* 413 S.W.2d 10, 12[1] (Mo.App.1967). The statement of that rule presupposes the extension of coverage by some provision of the policy and limitation or restriction of such coverage by other terms. The threshold question here is by what provision of the policy was coverage ever extended to rental pilots.

Silverthorn also relies upon *Allison v. National Insurance Underwriters,* 487 S.W.2d 257 (Mo.App.1972). In that case the court found "violent and irreconcilable ambiguity" (487 S.W.2d 262) between policy provisions in question which, had the construction advocated by the insurer been accepted, would have resulted in the denial of any benefit to the insured of coverage purportedly extended to him. In this case, there has been no denial of coverage to the insured and the policy provisions in question can stand and both be given meaning.

Respondents Kepharts couch their argument largely in terms of conflict between an endorsement and printed provisions of the policy. It may be questioned whether the declarations here involved constitute an endorsement within the rule relied upon, but, in any event, this contention is basically the same as that relied upon by Silverthorn, i. e., that typed provisions prevail over printed provisions of a policy.

The respondents' arguments are necessarily predicated upon the existence of an ambiguity in the policy. The rules of construction on which they rely have efficacy in such situation but such rules are not helpful here because there is no ambiguity in the policy provisions. The declarations do state what uses of the aircraft will be covered under the insurance provided, but, other than showing the named insured, the declarations do not purport to define who, other than that entity, is entitled to the benefit of the insurance provided for the covered uses. Insofar as persons other than the named insured are concerned, the terms of the policy defining to whom protection will be extended must be looked to. In extending coverage to persons other than the named insured, the policy clearly and unequivocally excludes "any persons operating the aircraft under the terms of any rental agreement * * * which provides remuneration to the Named Insured for the use of said aircraft."

The "Purpose(s) of Use" which includes rental to pilots provides coverage to the named insured for liability which might be imposed upon it arising out of such use of the aircraft. The parties to the contract of insurance were under no obligation to provide coverage for the rental pilots and by the terms of the policy elected not to do so. There can be no question as to their right so to contract.

■ The creation of an ambiguity where none exists is not the function of a court in a case such as this. The terms of the policy here control the rights and obligations of the parties and no judicial intervention which would, in effect, rewrite the policy is called for.

■ Respondents have advanced the argument that the stipulation upon which the case was submitted states merely that H.T.P. "rented" the aircraft to Silverthorn and says nothing about "remuneration" to H.T.P. for the use of the plane. The term "rented" implies consideration to the owner for the use of the aircraft. 76 C.J.S. Rent p. 1167 (1952). In his brief, Silverthorn admits that he was paying the named insured money for the use of the airplane. The stipulation, particularly in the light of this admission, shows that Silverthorn's operation of the aircraft was within the exclusionary provision.

Judgment reversed and cause remanded for entry of new judgment in accordance with the views herein expressed.

Reversed and remanded.

All concur.