THE NATIONAL FIRE INSURANCE CO. OF HARTFORD

*v.*

JOHN J. HANBERG, County Treasurer.

*Opinion filed April 17, 1905—Rehearing denied June 7, 1905.*

1. TAXES—*meaning of term "net receipts" of an insurance company.* The term "net receipts" of a foreign insurance company, as used in section 30 of the act relating to fire, marine and inland navigation insurance, as amended in 1879, (Laws of 1879, p. 179,) means the gross receipts less operating expenses, not including fire losses, and does not mean "net profits."

2. EVIDENCE—*when evidence of experts as to understood meaning of word is inadmissible.* Evidence of insurance experts as to the meaning of the term "net receipts," used in section 30 of the act relating to fire, marine and inland navigation insurance companies, as the same is understood in Cook county, is not admissible, for the reasons that the meaning of the term is a question of law, and that the statute is applicable to the entire State and not to Cook county alone.

APPEAL from the Superior Court of Cook county; the Hon. M. KAVANAGH, Judge, presiding.

GEORGE P. MERRICK, for appellant.

HARRY A. LEWIS, County Attorney, WM. F. STRUCKMANN, and FRANK L. SHEPARD, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed by the appellant in the superior court of Cook county, against appellee, as county collector of said county, to restrain the collection of a tax extended against the appellant upon an assessment made by the board of review of said county in the year 1903, under the provisions of section 30 of an act entitled "An act to incorporate and govern fire, marine and inland navigation insurance companies doing business in the State of Illinois,"

approved and in force March 11, 1869, as amended by an act in force July 1, 1879, (Hurd's Stat. 1889, p. 801,) which section reads as follows: "Every agent of any insurance company, incorporated by the authority of any other State or government, shall return to the proper officer of the county, town or municipality in which the agency is established, in the month of May, annually, the amount of the net receipts of such agency for the preceding year, which shall be entered on the tax lists of the county, town and municipality, and subject to the same rate of taxation, for all purposes,—State, county, town and municipal,—that other personal property is subject to at the place where located; said tax to be in lieu of all town and municipal licenses; and all laws and parts of laws inconsistent herewith are hereby repealed: *Provided,* that the provisions of this section shall not be construed to prohibit cities having an organized fire department from levying a tax or license fee, not exceeding two per cent, in accordance with the provisions of their respective charters, on the gross receipts of such agency, to be applied exclusively to the support of the fire department of such city." An answer and replication were filed, and upon a hearing the bill was dismissed for want of equity, and the complainant has prosecuted an appeal to this court.

It appears from the pleadings and proofs that the appellant is incorporated under the laws of the State of Connecticut and has its main office in the city of Hartford, in said State, and is duly licensed to do a fire insurance business in the State of Illinois; that in the month of May, 1903, through a Chicago agent, it filed with the board of assessors of Cook county a statement showing its "net receipts" from all agencies in Cook county from May 1, 1902, to May 1, 1903, to be $3896.34; that it was assessed by said board of assessors $3896.34 full value and $779.27 assessed value; that afterwards the board of review of said county notified it to appear before said board and show why its assessment should not be increased; that it appeared before said board

and was heard with reference to its assessment for said year, and filed with the board the following additional statement:

"Statement of National Fire Insurance Co. in accordance with notice from board of review dated July 31, 1903:

1st—Gross receipts for the year ending March 31, 1903.$167,846.20
2d—Amount of office expenses, commissions paid and
    premiums returned for the same year.......... 61,024.63
3d—Balance........... ............. ......... ......$106,821.57
4th—Amount of losses paid for the year ending March
    31, 1903........... ......... ............... 96,138.80
        Net receipts........... ........... ........ $10,682.77"

—that thereafter the board of review assessed the appellant $88,000 full value and $17,600 assessed value, which assessment was returned by the board of review to the county clerk of said county, and the tax sought to be enjoined was extended on said assessment and a warrant for the collection thereof was delivered to the collector of said county and the payment of the tax demanded of appellant.

It is averred in the bill that during the year beginning May 1, 1902, and ending April 30, 1903, appellant received in Cook county, in premiums, the sum of $167,240.51; that during that period it paid for office expenses, commissions and other like charges in said county the sum of $60,206.40, and paid losses upon insured property in said county the sum of $103,137.77, leaving as appellant's net receipts upon the fire insurance business done by it in said county for the year ending May 1, 1903, the sum of $3896.34. It is not possible from this record to determine how the board of review arrived at the amount assessed against the appellant for net receipts for the year commencing May 1, 1902, and ending April 30, 1903. The principal question, however, raised and discussed in this court is whether or not the board of review had the right to assess the appellant upon the difference between its gross receipts in said county for the year ending April 30, 1903, and the charges, commissions and other expenses paid by it for conducting its business in said county during said year as net receipts, or whether the appellant was

entitled to also have deducted from its gross receipts for that year the amount paid out by it during that year as losses sustained by it upon insured property located in said county; and unless the appellant had the right to have the amount paid by it as fire losses deducted from its gross receipts, the amount of its net receipts is greater, according to its own showing, than the amount of its assessment, and the fact that the basis upon which the board of review arrived at the amount assessed against the appellant is not clear, is immaterial. The controlling question, therefore, is narrowed to the meaning of the words "net receipts," as used in said section of the statute.

From a reading of that section we think it clearly appears those words as there used were intended by the legislature to designate the amount remaining after the operating expenses of foreign insurance companies doing business in this State had been deducted from the gross receipts of such companies,—that is, that the legislature intended all foreign insurance companies doing business in this State should be assessed, not upon their net profits, which would be the difference between their gross receipts and all sums paid out by them for operating expenses, fire losses, etc., but upon the amount remaining after deducting from their total receipts their operating expenses. It is therefore clear that the appellant was not entitled to have the amount paid by it as fire losses deducted from its gross receipts in order that its net receipts might be determined for the purposes of an assessment under said section 30, and that the action of the board of review of said county in refusing to deduct the amount paid by the appellant as fire losses from its gross receipts, in arriving at the amount for which it should be assessed as net receipts, was not erroneous. In Cook county appellant has a general agent, who is authorized to pay, and does pay, fire losses. The statute, however, applies to the entire State and to all foreign insurance companies doing business in the State. In many municipalities in this State where

foreign insurance companies doing business in this State have local agencies they have no general agent or agent authorized to pay fire losses, such losses being adjusted and paid by general agents or from the home office. It is therefore apparent the construction contended for by appellant cannot be placed upon said section of the statute, as the local agent residing in such municipalities could not make the returns to the assessing bodies authorized by said section of the statute to assess the insurance companies represented by such agencies, by reason of the fact that those agents would not have the necessary data in their offices from which to make such returns, as the amounts paid in losses in their respective territories could only be found in the offices of their respective general agents located in distant cities or foreign States, and no provision is made in the statute whereby such information can be furnished by such insurance companies or their general agents to their local agents residing and doing business in the several towns and villages of the State.

The appellant offered evidence of the meaning of the language "net receipts," found in said section of the statute, as the same was understood among insurance experts in the city of Chicago, which evidence was excluded upon the objection of appellee. We think the ruling of the trial court upon the admissibility of such evidence was correct, first, on the ground that the meaning of said language as found in said section of the statute is a question of law to be determined by the court, and not a question of fact to be determined upon expert testimony; and secondly, the testimony as to the meaning of said language as understood among men engaged in writing fire insurance was confined to Cook county, while the statute in which such language is found is general and applies to the entire State.

We are of the opinion the trial court did not err in dismissing the bill of the appellant for want of equity. The decree of the superior court will therefore be affirmed.

*Decree affirmed.*