[No. 3308-1.   Division One.   July 6, 1976.]

RICHARD P. BUESTAD, *Respondent*, v. RANGER INSURANCE COMPANY, *Appellant.*

*Karr, Tuttle, Koch, Campbell, Mawer & Morrow* and *James R. Hermsen,* for appellant.

---

*Murray, Dunham & Waitt* and *Robert K. Waitt,* for respondent.

WILLIAMS, C.J.—Richard P. Buestad brought this action against Ranger Insurance Company for a declaration that he was one of the insured in an insurance policy issued by Ranger to third parties. On Buestad's motion, the trial court granted summary judgment for the relief sought. Ranger's appeal presents the question of extension of the policy coverage to Buestad.

The facts are that Ranger issued an aircraft liability insurance policy to Ed and Dorothy Hauter, the operators of an airport and airplane rental service. The Hauters are listed as the named insured in the policy. Buestad rented an airplane from them to learn to fly under the tutelage of a certificated flight instructor. On his second solo flight, Buestad lost control of the aircraft while landing and collided with two parked airplanes. When the owners claimed damages, Buestad sought protection under the Hauters' policy. Ranger denied coverage and this action ensued.

The trial court believed Buestad was entitled to the protection of the policy because of the following provisions:

PURPOSE(S) OF USE: The aircraft will be used only for the purposes indicated by "X":

. . .

X (c) "Limited Commercial". The term "Limited Commercial" is defined as including all the uses permitted in (a) and (b) above and including Student Instruction and Rental to pilots but excluding passenger carrying for hire or reward;

Exhibit B.

This Policy does not apply to any occurrence or to any loss or damage occurring while the aircraft is being operated in flight by a Student Pilot unless each flight is under the direct supervision and specifically approved by a properly qualified Flight Instructor certificated by the Federal Aviation Administration.

Exhibit D.

Buestad's reasoning is that the damage occurred while he

was under the direct supervision of a qualified flight instructor and is therefore an omnibus insured. We disagree.

The quoted provisions apply to the use of the rented aircraft and not to the liability protection afforded by the policy. If the aircraft is put to an unauthorized use, rented to an unsupervised student for example, the Hauters lose their protection. Conversely, if the rented aircraft is used for student training supervised by a qualified instructor, the Hauters are protected. Nothing in the quoted provisions establishes that Buestad is entitled to the liability protection of the policy.

Persons covered by the policy are determined by application of the terms found under the heading "Definition of Insured."

> The unqualified word "Insured" . . . includes not only the Named Insured but also any person while using or riding in the aircraft and any person or organization legally responsible for its use, provided the actual use is with the permission of the Named Insured. *The provisions of this paragraph do not apply:*
>
> . . .
>
> (c) to any person operating the aircraft under the terms of any rental agreement or training program which provides any remuneration to the Named Insured for the use of said aircraft.

(Italics ours.) Exhibit C-2.

Buestad is specifically excluded from being an insured because he was a person operating the aircraft under a rental agreement providing remuneration to the Hauters.

■ Buestad relies upon *Martin v. Ohio Cas. Ins. Co.*, 9 Mich. App. 598, 157 N.W.2d 827 (1968), decided on the same facts in favor of the student pilot. We disagree with that case and join with the courts of Texas and California in holding that the provisions restricting coverage by the use made of the aircraft do not extend the protection afforded by the policy to persons not defined as "Insured." *Melton v. Ranger Ins. Co.*, 515 S.W.2d 371 (Tex. Civ. App. 1974); *Middlesex Mut. Ins. Co. v. Johnston*, 12 Av. Cas. 17, 583 (Cal. Ct. App. 1972).

The judgment is reversed and the cause remanded with direction to dismiss the action.

SWANSON, J., and REVELLE, J. Pro Tem., concur.

Petition for rehearing denied October 28, 1976.

Review by Supreme Court pending February 10, 1977.