157 N.J. Super. 476 (1978)
385 A.2d 239
ROBERT G. SALIBA, ADMINISTRATOR AD PROSEQUENDUM AND ADMINISTRATOR OF THE ESTATE OF BARBARA J. CASSIDY, PLAINTIFF-APPELLANT,
v.
AMERICAN POLICYHOLDERS INSURANCE COMPANY, A CORPORATION OF THE STATE OF DELAWARE, RICHARD J. BERLOW & COMPANY, INC., A CORPORATION OF THE STATE OF DELAWARE, DEFENDANTS-RESPONDENTS, AND CARL S. WURTZ, GENERAL ADMINISTRATOR OF THE ESTATE OF JOHN C. CASSIDY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 10, 1978.
Decided February 3, 1978.
*477 Before Judges HALPERN, LARNER and KING.
Mr. Peter Cammelieri argued the cause for appellant Robert G. Saliba.
Mr. James E. Davidson argued the cause for appellant Carl S. Wurtz (Messrs. Farrell, Curtis, Carlin, Davidson & Mahr, attorneys; Mr. Donald J. Maizys on the brief).
Mr. John T. Madden argued the cause for respondent (Messrs. Dolan and Dolan, attorneys; Mr. John T. Madden and Mr. Robert T. Morgenstern on the brief).
PER CURIAM.
We affirm substantially for the reasons set forth in the written opinion of Judge Gascoyne, 158 N.J. Super. 48. Additional authority for the result reached by the trial court is found in decisions by appellate courts in several other states treating the same issue. Jahrman v. Valley Air Park, Inc., 333 So.2d 712 (La. Ct. App. 1976), aff'd o.b. 338 So.2d 293 (La. Sup. Ct. 1976); Ranger Ins. Co. v. Silverthorn, 553 S.W. 2d 530 (Mo. Ct. App. 1977); Buestad v. Ranger Ins. *478 Co., 15 Wash App. 754, 551 P.2d 1033 (Ct. App. 1976). See also, Middlesex Mut. Ins. Co. v. Johnson, 12 Av. Cas. 17,583 (Cal. Ct. App. 1972) and Omni Aviation Managers, Inc. v. Smith, 12 Av. Cas. 17,642 (Cal. Sup. Ct. 1972).
We find no ambiguity present in this policy. Appellants urge that the policy declarations are in conflict with the definition of insured. We disagree. The declarations describe the nature of the use of the aircraft which is covered if an individual otherwise qualified as an insured. The clause in the body of the policy deals with the definition of the insured and has no bearing upon the nature of the covered uses of the aircraft. In the absence of such a conflict between the two portions of the policy, there is no ambiguity, and hence no reason to resolve any internal disagreement in the policy in favor of an insured. We refuse to follow the reasoning of the Michigan Court of Appeals in Martin v. Ohio Cas. Ins. Co., 9 Mich. App. 598, 157 N.W. 2d 827 (Ct. App. 1968), which concluded that the "Purposes of Use" portion of the declarations prevailed over the definition of insured because a typewritten "x" was used to designate which use was insured.
Affirmed.