590 P.2d 1017

**Dean LEVRA, Plaintiff-Appellant,**

v.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG and Ronald J. Brown, d/b/a Arco Aviation, Defendants-Respondents.**

No. 12822.

Supreme Court of Idaho.

Feb. 21, 1979.

Paul M. Beeks of Smith & Beeks, Twin Falls, for plaintiff-appellant.

Charles W. Hosack of Moffatt, Thomas, Barrett & Blanton, Boise, for defendants-respondents.

McFADDEN, Justice.

This action was brought by plaintiff-appellant Dean Levra to collect upon a judgment previously recovered in United States District Court. Defendants-respondents are Ronald J. Brown, doing business as Arco Aviation (hereinafter Brown), and Brown's insurer, National Union Fire Insurance Company of Pittsburg (hereinafter National Union). The district court award-ed summary judgment and attorney fees to both respondents. We affirm.

The facts of this case are uncontroverted. On July 25, 1974, appellant was a passenger in a small airplane which crashed outside of Arco, Idaho. Appellant was injured in the accident. The airplane was owned by Brown and was being piloted at the time by one Leroy B. Pope, an FAA certified and licensed pilot. Pope had rented the plane from Brown's rental agent. The plane was insured under an aviation insurance policy issued by National Union to the named insured Brown.

Shortly after the accident, appellant commenced an action in Federal District Court for the District of Idaho against Pope, Brown and others, on theories of negligence and imputed negligence. A directed verdict was entered in favor of Brown, but appellant recovered a judgment against Pope in the amount of $150,588.75. In January 1977 Pope was adjudicated a bankrupt. The judgment against him has gone wholly unsatisfied.

This action was brought in an attempt to collect upon the judgment recovered against Pope. Count one of the complaint alleged that National Union's aviation insurance policy provided liability coverage to the rental-pilot Pope. Count two of the complaint alleged that Brown had misrepresented to Pope that liability coverage extended to him, and that in reliance upon the misrepresentation Pope carried appellant as a passenger.

National Union and appellant cross-moved for summary judgment on count one of the complaint, and Brown moved for summary judgment on count two. Based upon the pleadings, affidavits, and discovery, the district court granted both respondents' motions for summary judgment. In addition, the court awarded attorney fees in the amount of $1,687.50 to National Union and $975 to Brown.

On appeal, three issues are raised. First is whether the aviation policy issued by National Union to Brown afforded liability insurance coverage to Pope. Second is whether the district court erred or abused

its discretion in awarding attorney fees to respondents. And third is whether any party is entitled to an award of attorney fees on appeal. Even though appellant in his notice of appeal also appealed from the summary judgment entered in favor of Brown, no issue has been raised in this court concerning the propriety of that summary judgment.

■ Regarding the first issue, National Union's liability on the aviation policy, the policy in its definitional section provides that

"INSURED" when unqualified and wherever used . . . shall include not only the named insured but also any person while using or riding in the aircraft and any person or organization legally responsible for its use, provided the actual use is with the expressed permission of the named insured. This policy with respect to any person or organization *does not apply*:

.    .    .    .    .

(d) . . . to any student pilot, any pilot receiving dual or solo instruction or *any rentor pilot* . . ..

(Emphasis supplied.) Although it is an uncontroverted fact that Pope rented the plane from Brown, appellant argues that Pope was in fact not a "rentor pilot." Appellant insists that the suffix *"or"*, when added to the noun "rent", denotes the active agent or doer, i. e. the "lessor" or the "landlord". Appellant therefore maintains that Pope, by definition, was not the "lessor" or "rentor", but was the "lessee", the "tenant", or the "rentee".

We find this argument unpersuasive. Although "rentor" is an inartful use of the English language, the contended for construction would lead to the anomalous result that Brown, the named insured, the policy owner, and the payor of all premiums, would be excluded from coverage. When read in its intended context, the meaning of the word rentor is clear. Since Pope was renting the plane, he is not an insured under the policy.

■ Next, appellant contends that a conflict exists between the above quoted definition of insured and two of the statements contained in the declaration portion of the policy. Items 7 and 8 of the declarations are here reproduced:

———

The "X" in item 7 selecting "Instruction and Rental" use was typed onto the printed declaration form, as was the italicized limitation regarding properly certified pilots in item 8. Appellant argues that these two declarations expressly or impliedly extend

liability coverage to any rental pilot who is properly certified by the FAA. Since the operative portions of these two declarations were typed, appellant maintains that Pope is covered despite his exclusion under the printed definition of insured. This argument must also fail.

Items 7 and 8 of the declarations are in the nature of conditions precedent to coverage under the policy. Were an insured to use the plane or authorize the use of the plane contrary to these declarations, under normal circumstances the insurer's liability on the policy would be negated. But these declarations cannot be said to designate who is or who is not an insured, or to expand or contract that defined class of persons afforded liability insurance protection. *Middlesex Mut. Ins. Co. v. Johnston*, 12 Avi. 17 583 (Cal.Ct.App.1972); *Jahrman v. Valley Air Park, Inc.*, 333 So.2d 712 (La. Ct.App.1976) *cert. denied*, 338 So.2d 293 (La. 1976); *Melton v. Ranger Ins. Co.*, 515 S.W.2d 371 (Tex.Civ.App.1974); *Buestad v. Ranger Ins. Co.*, 15 Wash.App. 754, 551 P.2d 1033 (1976). Since Pope is not an insured under the policy, the summary judgment in favor of National Union is affirmed.

■ The district court also awarded attorney fees to both respondents pursuant to I.C. § 12–121. National Union was awarded $1,687.50 and Brown was awarded $975. This court's review of the record indicates that the district court did not. abuse its discretion in making these awards. They are therefore affirmed.

■ Finally, respondents have "raised" as an issue on appeal, in accordance with I.A.R. 41(a), a request for attorney fees on this appeal. Under the authority of I.C. § 12–121 and *Minich v. Gem State Developers*, 99 Idaho 911, 591 P.2d 1078 (1979), this court finds no evidence whatever to suggest that the appeal was brought frivolously, unreasonably or without foundation. The application for attorney fees on appeal is therefore denied. Costs to respondent.

SHEPARD, C. J., DONALDSON, and BISTLINE, JJ., and DUNLAP, J. Pro Tem., concur.