394 So.2d 468 (1981)
UNITED STATES FIRE INSURANCE COMPANY, Appellant,
v.
Fred A. PRUESS, Appellee.
Nos. 79-2220, 79-2462.
District Court of Appeal of Florida, Fourth District.
February 11, 1981.
Rehearing Denied March 19, 1981.
*469 Joseph C. Murphy, of Dolan, Fertig & Curtis, P.A., Fort Lauderdale, for appellant.
Gilbert E. Theissen, of Walsh, Theissen & Boyd, P.A., Fort Lauderdale, for appellee.
DOWNEY, Judge.
After being injured in an airplane accident appellee sued appellant, United States Fire Insurance Company, to recover as an insured under United's policy covering the aircraft. From a final summary judgment in favor of appellee the insurance carrier perfected this appeal. We affirm.
There was no genuine issue of material fact involved in the trial court. The issue to be decided there and here is one of law. The facts as set forth in appellant's brief are:
At that time the Appellee FRED PRUESS was flying in an AA1B Grumman TR-2 aircraft, serial # AA1B0270, registration # N99791 with William Adams. PRUESS was in the aircraft in order to provide a Federal Aviation Administration required checkout flight for Adams in order that Adams might secure his private pilot license. At that time, William Adams had rented the aircraft from BELLEARO, INC., [sic] and the aircraft was insured by a policy of Aviation Liability Insurance issued to BELLAERO by UNITED STATES FIRE INSURANCE COMPANY. Prior to the flight PRUESS had informed Adams that he reserved the right to take control of the aircraft at any time and that upon request Adams was to relinquish control of the aircraft to him immediately. Further, PRUESS at certain times did control the aircraft and in fact was operating and controlling the aircraft immediately prior to the accident upon which this suit is predicated.
Appellee sued United, claiming to be an insured under a policy of insurance issued by United to Bellaero, Inc., the named insured. United denied coverage on the grounds that appellee was not a person included within the definition of an insured because the policy contained what is known as a "Renter Pilot Exclusion" provision. Appellee moved for summary judgment supported by an affidavit which stated that appellee "did not rent from, sign any rental agreement with, or provide any remuneration as a result of any rental agreement to Bellaero, Inc. for the aircraft in question." The error assigned is not that there was an issue of fact involved, but that the trial court erred in deciding the legal question.
The policy in question was issued to Bellaero, Inc., as the named insured. Paragraph III of the policy defined the term, insured, as:
Definition of "Insured." The unqualified word "Insured" wherever used in this Policy ... includes not only the Named Insured but also any person while using or riding in the aircraft and any person or organization legally responsible for its use, provided the actual use is with the permission of the Named Insured. *470 Immediately following that definition of "insured" in Paragraph III the policy sets forth three exceptions to the definition as follows:
The provisions of this paragraph do not apply:
(a) ...
(b) ...
(c) to any person operating the aircraft under the terms of any rental agreement or training program which provides any remuneration to the Named Insured for the use of said aircraft.
Appellant contends that the provision of Paragraph III which includes in the term insured "any person while using or riding in the aircraft" is modified by the exclusion in subparagraph (c) which excludes from coverage any person operating the aircraft under the terms of any rental agreement providing remuneration to the named insured. Appellant argues that at the time of the accident appellee was operating the aircraft under the terms of the rental agreement signed by Adams which agreement did provide remuneration to the named insured, Bellaero, Inc.
Both parties are in agreement that the exclusion involved is a "renter pilot exclusion" clause. They disagree, however, on the intended effect of this provision; that is, who is excluded from coverage thereunder. We conclude that the renter pilot involved here is Adams, not appellee. Acceptance of appellant's construction would place outside the realm of coverage all occupants of an airplane when the craft is being operated pursuant to a rental agreement which provides remuneration to the named insured.
It is a general rule of law that terms of an insurance policy must be construed to promote a reasonable, practical and sensible interpretation consistent with the intent of the parties. General Accident Fire and Life Assurance Corp. v. Liberty Mutual Insurance Co., 260 So.2d 249 (Fla. 4th DCA 1972). We hold the more reasonable interpretation of this policy, and in particular the exclusion contained therein, is that it covers any person while using or riding in the aircraft unless that person is operating the aircraft pursuant to a remunerative rental agreement between that person and the named insured. Therefore, a person who pays rent to the named insured for use of an airplane which he is operating is excluded from coverage  thus the characterization of the exclusion as a "renter pilot exclusion."
Both parties have contended that the policy provisions in question are unambiguous, and the case was presented to us on that basis. We have treated the case as presented. However, if the terms employed were ambiguous, we would perforce construe the provision strictly against the insurer and in favor of coverage. Moore v. Connecticut General Life Insurance Company, 277 So.2d 839 (Fla. 3rd DCA 1973), cert. denied 291 So.2d 204 (Fla. 1974).
Appellant finds comfort in two cases involving identical policy provisions.[1] However, we find the cases inapposite due to differing factual situations. In both cases the claimant was a "pilot renter" and the operator of the plane at the time of the accident. Those courts thus held the claimant fell within the exclusion. Those facts do not pertain here.
In view of the foregoing, we affirm the judgment appealed from.
ANSTEAD and HURLEY, JJ., concur.
NOTES
[1] Melton v. Ranger Insurance Company, 515 S.W.2d 371 (Tex.Civ.App. 1974); Buestad v. Ranger Insurance Company, 15 Wash. App. 754, 551 P.2d 1033 (1976).