IDEAL MUTUAL INSURANCE COMPANY, a New York corporation, By and Through GLOBAL AVIATION INSURANCE MANAGERS, INC., a Texas corporation, Plaintiffs,

v.

Jerry PATZER, father of Cindy Diane Patzer, deceased, and natural guardian of Lisa Patzer and Justin Patzer; Cheryl Bradshaw Patzer, mother of Cindy Diane Patzer, deceased, and natural guardian of Lisa Patzer and Justin Patzer; Lisa Patzer, minor sister of Cindy Diane Patzer; Justin Patzer, minor brother of Cindy Diane Patzer; Fred Medlar, Administrator of the Estate of James Frederick Medlar, deceased; Bitterroot Aviation, Inc., d/b/a Hamilton Aviation, Defendants.

Fred MEDLAR, Administrator of the Estate of James Frederick Medlar, deceased, Plaintiff,

v.

IDEAL MUTUAL INSURANCE COMPANY, a corporation, Global Aviation Insurance Managers, Inc., a corporation, a/k/a National Excess Insurance Services, Inc., a corporation, Defendants.

Nos. CV 84–65–M–RES, CV 84–203–M–RES.

United States District Court, D. Montana, Missoula Division.

Dec., 24, 1985.

Susan E. Loggans and Associates, Chicago, Ill., for plaintiffs in No. 84–203–M–RES.

Ronald Bender, Worden, Thane & Haines, Missoula, Mont., for plaintiff in No. 84–65–M–RES.

Catherine E. Tinker, William J. Mullins, Conklin & Adler, Ltd., Chicago, Ill., for defendants in No. 84–203–M–RES.

Richard A. Weber, Jr., Hamilton, Mont., Susan E. Loggans & Associates, Chicago, Ill., George H. Corn, Robinson, Boyle & Bell, Hamilton, Mont., for defendants Jerry Patzer, Cheryl Bradshaw Patzer, Lisa Patzer and Justin Patzer.

OPINION

RUSSELL E. SMITH, District Judge.

These cases were brought to determine the liability of the Ideal Mutual Insurance Company (Ideal) for the damages resulting from the death of James Frederick Medlar (Medlar).

Bitterroot Aviation Inc., d/b/a Hamilton Aviation, was the owner of Cessna aircraft No. ·N–5112Q. It procured from Ideal an insurance policy, No. AHL–047915, which was in effect on May 22, 1983. On that day, Cindy Diane Patzer (Cindy) rented the

aircraft from the owner.[1] The aircraft crashed while Cindy was flying it and both Cindy and her passenger, Medlar, received fatal injuries.

The policy obligates Ideal to:

[P]ay ... *all sums which the insured shall become legally obligated to pay* as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, excluding passengers as defined herein, caused by an occurrence and arising out of the ownership, maintenance or use of the aircraft. (Emphasis supplied).

The policy defines the term "insured":

The unqualified word "Insured" wherever used in this Policy ... includes not only the Named Insured but also any person while using or riding in the aircraft and any person or organization legally responsible for its use, provided the actual use is with the permission of the Named Insured.

*The provisions of this paragraph do not apply:*

(a) * * *

(b) * * *

(c) to any person operating the aircraft under the terms of any *rental agreement* or training program which provides any remuneration to the Named Insured for the use of said aircraft. (Emphasis supplied).

The printed declarations of the policy in Item 6 read: "PURPOSE(S) OF USES: The aircraft will be used for the purposes indicated by 'X'." By means of typewritten attachments, it is shown that one of the permitted purposes of use of aircraft N–5112Q, is the printed paragraph (c) which, so far as pertinent here, reads:

(c) "Limited Commercial". The term "Limited Commercial" is defined as including all the uses permitted in (a) and (b) above and including Student Instruction and Rental to pilots but excluding passenger carrying for hire or reward.

The Medlars contend that when the insuring agreements are read in connection with the declarations relating to purposes of use that the policy becomes ambiguous, that it should be construed against the insured and that so construed, Cindy was a person using the policy with the permission of the insurers and was thus covered.

Under Montana law, where a policy of insurance is susceptible of two constructions, the one favoring the insured will be adopted. Ambiguities are to be resolved against the insurance companies. *State Farm Mutual Automobile Insurance Co. v. Queen,* 685 P.2d 935, (Mont.1984); *Unigard Mutual Insurance Co. v. Abbott,* 732 F.2d 1414 (9th Cir.1984); *Kansas City Fire & Insurance Co. v. Clark,* 217 F.Supp. 231 (D.Mont.1963). Where there is a conflict between the printed and typewritten portions of a policy the latter prevail. Mont. Code Ann. § 28–3–205 (1985).

In my opinion the policy here was not ambiguous. The policy insures against the losses which the owner may sustain because of the ownership of the aircraft and the language of the policy says just that. The obligation is "to pay ... all sums which the insured shall be legally obligated to pay as damages." The insured is defined as the named insured and persons using with the permission of the named insured. But by express language persons operating under a rental agreement are not insured.

---

**1.** I find that on May 22, 1982, Cindy Diane Patzer rented the 1981 Cessna Model 152 aircraft bearing Federal Aviation No. N–5112Q from Bitterroot Aviation, Inc., and was using the plane as a renter when it crashed. This finding is based on the affidavits filed in support of a motion for summary judgment. There is a motion to strike these affidavits. It is denied. Some parts of the affidavits may be based on hearsay and may state conclusions but there is sufficient unobjectionable evidence in them to demonstrate that on the day in question, the aircraft was being operated under the terms of a rental agreement and that the relationship between Cindy Diane Patzer and Bitterroot Aviation was that of renter-rentee and nothing else.

An owner may be responsible for an injury caused by his aircraft because of the way he flies it, or if flown by another because of the condition of the plane, or perhaps because he was negligent in permitting a particular third person to operate it. But in each case the liability originates in the negligence of the owner and not in negligence of someone else.

An owner might willingly pay the premium costs of insuring his own liability but be unwilling to pay the cost of insuring some other person. On the other hand, an insurer has a legitimate interest in purposes for which an insured plane will be used and would quite logically use language in the policy restricting that use. As I see it, the owner here wanted liability insurance for himself and the insurer wanted to limit the uses of the aircraft. I see nothing inconsistent in those purposes and I find no language in the policy which confuses them.

It is true that language not carefully used may blur the intentions of contracting parties, or may mislead one of them, but I see nothing which suggests that the limitations on use in the purposes clause expands the insuring clauses to provide coverage for those who are expressly excluded.

The majority of the courts considering claimed ambiguities between the insuring clauses and the purposes of use clauses of insurance policies reach the conclusion which I have reached. *See Crawford v. Ranger Insurance Co.*, 653 F.2d 1248 (9th Cir.1981); *Levra v. National Union Fire Insurance Co.*, 99 Idaho 871, 590 P.2d 1017 (1979); *Jahrman v. Valley Air Park, Inc.*, 333 So.2d 712 (La.App.1976); *Ranger Insurance Co. v. Silverthorn*, 553 S.W.2d 530 (Mo.App.1977); *Greemore v. American Home Assurance Co.*, 113 N.H. 250, 305 A.2d 681 (1973); *Saliba v. American Policyholders Insurance Co.*, 158 N.J.Super. 48, 385 A.2d 328 (1976), *aff'd*, 157 N.J.Super. 476, 385 A.2d 239 (1978); *Buestad v. Ranger Insurance Co.*, 15 Wash. App. 754, 551 P.2d 1033 (1976).

Medlar relies on *Kansas City Fire & Marine Insurance Co. v. Clark*, 217

F.Supp. 231 (D.Mont.1963), *aff'd*, 329 F.2d 647 (9th Cir.1964). That case differs in the facts and is not controlling. In *Kansas City Fire & Marine*, a typewritten endorsement, which was made part of the declarations, read:

A. WHILE THE AIRCRAFT IS BEING USED FOR PURPOSES OF STUDENT INSTRUCTION: "STUDENT PILOTS WHILE UNER THE DIRECT SUPERVISION AND CONTROL OF A PROPERLY CERTIFICATED INSTRUCTOR PILOT."

*Kansas City Fire & Marine*, 217 F.Supp. at 231. This endorsement made the use of the aircraft at the time of the accident a permitted use within the terms of the insuring clause. *Id.* at 238.

The case of *Petro v. Ohio Casualty Insurance Co.*, 95 F.Supp. 59 (S.D.Cal.1950), relied upon in *Kansas City Fire & Marine*, is likewise distinguishable. In *Petro*, the court held that the contract between the insured and the person operating the plane was not a contract of hiring but a contract to furnish education. *Petro*, 95 F.Supp. at 65.

For the reasons stated the court decides that Cindy Diane Patzer was not insured by Ideal Mutual Insurance Company and Global Aviation Insurance Managers, Inc., for the accident of May 22, 1983 in aircraft No. N–5112Q and that such companies have no duty to defend the Patzer Estate against claims brought by the Medlar Estate and have no duty to pay any damages that may be assessed against the Estate of pilot Patzer in any action brought on account of the death of James Frederick Medlar.

Let judgment be entered accordingly.