RUSK AVIATION, INC., *et al.*, Plaintiffs, v. NORVAL NORTHCOTT, *et al.*, Defendants (Dennis Wolinski, Counterplaintiff and Third-Party Plaintiff—Appellant; G. R. Hecko, Indiv. and d/b/a Horizons Unlimited, *et al.*, Counterdefendants; The Shelby Mutual Insurance Company, Third-Party Defendant—Appellee).

First District (3rd Division)   No. 85—1331

Opinion filed December 31, 1986.

Steven Clark and Sue Augustus, both of State Appellate Defender's Office, Sheldon Engel, Ronald Fishman, and William J. Harte, Ltd., all of Chi-

cago (William J. Harte, of counsel), for appellant.

Richard M. Daley, State's Attorney, Propp & Schultz, and Lord, Bissell & Brook, all of Chicago (Joan S. Cherry, Thomas V. Gainer, Jr., and James P. Stevenson, Assistant State's Attorneys, Hugh C. Griffin, Thomas J. Strueber, and Neal F. Thompson, of counsel), for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

We are asked to decide a question about an aviation liability insurance policy. Dennis Wolinski, a student pilot, crashed during a solo flight, damaging the Piper aircraft he was flying and two other aircraft parked on the ground. Rusk Aviation, Inc., owned the two parked aircraft and Employers Casualty Company insured the two aircraft. Shelby Mutual Insurance Company covered the Piper aircraft under a policy which listed the aircraft's owner, Norval Northcott d/b/a Enmark Aviation, and Wolinski's flight instructor, G. R. Hecko d/b/a Horizons Unlimited, as the named insureds.

Rusk Aviation and Employers Casualty sued for damages to its parked aircraft, alleging that Northcott and Hecko negligently entrusted the Piper aircraft to Wolinski and negligently trained Wolinski. Rusk also sued Wolinski, alleging negligent operation of the Piper aircraft. Shelby Mutual undertook a defense of its named insureds, Northcott and Hecko. When Shelby Mutual refused to defend Wolinski, Wolinski brought a third-party action against it seeking a declaratory judgment adjudicating his rights under the Shelby Mutual policy in the event he was found liable to Rusk. The trial court subsequently found that Wolinski was not covered under the terms of the policy as a matter of law and entered summary judgment in favor of Shelby Mutual. Wolinski appeals. Rusk and Employers Casualty, as counterdefendants, also appeal from that judgment.

Wolinski and Rusk contend that Wolinski is an omnibus insured under the policy. They maintain that the trial court erred in granting Shelby Mutual's motion for summary judgment because Wolinski was a permissive user for a designated purpose of use, and the policy did not exclude coverage for student pilots.

On the day of the accident, October 4, 1979, Shelby Mutual had a policy in effect which named Northcott and Hecko as insureds. The definition of "insured" included the "named insured and any person while using or riding in the aircraft and any person or organization legally responsible for its use, provided the actual use is with the permission of the Named Insured." The provisions of that paragraph, however, were not applicable "to any person or organization operat-

ing the aircraft under the terms of any rental agreement or training program which provides any remuneration to the Named Insured for use of said aircraft."

Wolinski was operating the Piper aircraft under the terms of a rental agreement or training program which provided remuneration to Hecko and through Hecko to Northcott. At his discovery deposition, Northcott testified that he had an oral agreement with Hecko whereby Hecko used the Piper aircraft for his flight instructional school. Hecko collected money from the students. His hourly rates included his own teaching fee, plus $7 or $8 per hour for Northcott. Hecko charged Wolinski $20 per hour for flight instruction, which included the use of the aircraft. Wolinski stated that he never rented the aircraft, but instead paid Hecko money for the training program.

Wolinski and Rusk argue that the policy is ambiguous when the definition of "insured" is read in conjunction with other sections and endorsements. They cite provisions such as those pertaining to permissible uses of the aircraft and pilot qualifications. Each section, however, serves a different purpose and must be construed accordingly. One permitted use of the aircraft is rental or use in a student flight instruction program. Northcott and Hecko would be covered as to their liability. However, the person operating the aircraft under the rental agreement or training program for which remuneration is received by Northcott or Hecko would not be covered.

The policy makes a critical distinction between coverage with respect to the nature of the risks insured and coverage with respect to the persons insured. The effect of the purpose-of-use clause is to provide that the loss covered by the policy must arise out of certain named uses, two of which are rental or training program uses. Thus, Northcott's and Hecko's coverage for their negligence as a lessor or teacher is not forfeited by permitting a renter pilot or student pilot to use the plane. Northcott may also recover for damage to the aircraft itself when the damage is sustained while the aircraft is in the hands of a renter or student pilot. This purpose-of-use provision, however, in no way designates who is or is not an insured under the policy. The provision does not purport to define who is entitled to coverage for the covered uses.

In extending coverage to persons other than the named insureds, the policy unequivocally excludes "any persons operating the aircraft under the terms of any rental agreement or training program which provides any remuneration to the Named Insured for the use of said aircraft." The parties to the insurance contract were under no obligation to provide coverage for renter or student pilots and by the terms

of the policy, they elected not to do so. There is nothing in the purpose-of-use provisions, or the endorsements, which in any way modifies the definition of "insured." The only purpose of those provisions is to protect the named insureds while the aircraft is rented out or used in a training program for which remuneration is received.

While this is a case of first impression in Illinois, other jurisdictions have construed this type of language in an aviation insurance policy. The overwhelming weight of authority has held that such provisions do not create an ambiguity. (See, *e.g.*, *Crawford v. Ranger Insurance Co.* (9th Cir. 1981) 653 F.2d 1248; *Levra v. National Union Fire Insurance Co.* (1979), 99 Idaho 871, 590 P.2d 1017; *Greemore v. American Home Assurance Co.* (1973), 113 N.H. 250, 305 A.2d 681; *National Union Fire Insurance Co. v. Rick* (1982), 134 Ariz. 122, 654 P.2d 56; *Jahrman v. Valley Air Park, Inc.* (La. App. 1976), 333 So. 2d 712; *Saliba v. American Policyholders Insurance Co.* (1976), 158 N.J. Super. 48, 385 A.2d 328, *aff'd* (1978), 157 N.J. Super. 476, 385 A.2d 239; *Melton v. Ranger Insurance Co.* (Tex. Civ. App. 1974), 515 S.W. 2d 371; *Buestad v. Ranger Insurance Co.* (1976), 15 Wash. App. 754, 551 P.2d 1033.) These cases state that there is no inconsistency between a declaration that use by renter or student pilots is a permissible use and a pilot exclusionary clause. But see *Mathews v. Ranger Insurance Co.* (Fla. 1973), 281 So. 2d 345; *Wzontek v. Zurich Insurance Co.* (1965), 418 Pa. 30, 208 A.2d 861; *Martin v. Ohio Casualty Insurance Co.* (1968), 9 Mich. App. 598, 157 N.W.2d 827.

In the absence of ambiguity, we must construe the insurance policy as it is written. (See *United States Fire Insurance Co. v. Schnackenberg* (1981), 88 Ill. 2d 1, 429 N.E.2d 1203.) Finding no ambiguity, we hold that Wolinski operated the aircraft under a rental agreement or training program for which remuneration was received and thus is not an "insured" under the Shelby Mutual policy. An insurer can refuse to defend where there clearly is no coverage. (*La Rotunda v. Royal Globe Insurance Co.* (1980), 87 Ill. App. 3d 446, 408 N.E.2d 928.) Shelby Mutual properly refused to defend Wolinski since not even potential coverage was indicated. Summary judgment is properly granted in an action on an insurance policy where no genuine issue of material fact remains and the issue may be decided as a matter of law. (*Bain v. Benefit Trust Life Insurance Co.* (1984), 123 Ill. App. 3d 1025, 463 N.E.2d 1082.) The trial court properly granted summary judgment in favor of Shelby Mutual.

In the trial court, both sides presented testimony of various expert witnesses regarding the correct interpretation of the policy. The construction of an insurance contract exclusionary provision is a

question of law for the court. (*Dawe's Laboratories, N.V. v. Commercial Insurance Co.* (1974), 19 Ill. App. 3d 1039, 313 N.E.2d 218.) Expert opinions on such policy construction are of little value under the circumstances before us, and the trial court properly disregarded such evidence. See *National Fire Insurance Co. v. Hanberg* (1905), 215 Ill. 378, 74 N.E. 377.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI, P.J., and WHITE, J., concur.