# ILLINOIS OFFICIAL REPORTS

## Appellate Court

***Knezovich v. Hallmark Insurance Co.*, 2012 IL App (1st) 111677**

| | |
|---|---|
| Appellate Court Caption | SANDRA KNEZOVICH, Personal Representative of the Estate of Anthony David Knezovich, Deceased, Plaintiff-Appellee, v. HALLMARK INSURANCE COMPANY, Defendant-Appellant (William M. Otto, Personal Representative of the Estate of Ralph E. Otto, Deceased; Suzanne Lucas and E. Perrine Downey, Coexecutors of the Estate of C. Michael Downey, Deceased, Defendants-Appellees). |
| District & No. | First District, Sixth Division<br>Docket No. 1-11-1677 |
| Filed | August 3, 2012 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Defendant insurer had no duty to defend the deceased, a student pilot, who rented a plane insured by defendant and was operating it at the time of a midair collision, since the policy unambiguously excluded coverage for renter pilots; therefore, the denial of defendant's motion for summary judgment in the declaratory judgment action filed by the representative of the deceased renter was reversed. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 09-CH-28688; the Hon. Leroy K. Martin, Jr., Judge, presiding. |
| Judgment | Reversed and remanded. |

Counsel on Appeal

Tressler LLP, of Chicago (Mark T. Banovetz and Elizabeth M. McGarry, of counsel), for appellant.

Clifford Law Offices, P.C. (Kevin P. Durkin and Colin H. Dunn, of counsel), Canel, King & Jones (Peter King, of counsel), Rapoport Law Offices, P.C. (David Rapoport and Michael Teich, of counsel), and Kaplan, Massamillo & Andrews, LLC (Robert A. Braun, of counsel), all of Chicago, for appellees.

Panel

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.

Justices Garcia and Palmer concurred in the judgment and opinion.

## OPINION

¶ 1    In a declaratory judgment action, the parties filed cross-motions for summary judgment concerning whether defendant-appellant Hallmark Insurance Company (Hallmark) owed a duty to defend the estate of a deceased student pilot who had rented an aircraft from Hallmark's insured. The trial court found that Hallmark's policy provisions concerning the exclusion of coverage for student and renter pilots were ambiguous and Hallmark, therefore, had a duty to defend and/or indemnify the estate of the student pilot in the underlying wrongful death lawsuits. Accordingly, the trial court denied Hallmark's motion for summary judgment and granted the appellees' cross-motion for summary judgment.

¶ 2    Hallmark appeals the trial court's ruling, arguing the trial court erred in interpreting the insurance contract. We agree. For the reasons that follow, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.

¶ 3                               I. BACKGROUND

¶ 4    This insurance coverage dispute arises out of a midair collision between two aircraft, a Cessna and a Cirrus, in Wyoming. Both pilots and the sole passenger were killed, and both planes were destroyed. Hallmark insured the Cessna, which was owned by Franklin Aviation, Inc., a fixed base operator, and, at the time of the collision, was being operated by Anthony Knezovich, a student pilot. Ralph Otto was operating the Cirrus, and C. Michael Downey was his passenger. A number of wrongful death lawsuits were filed as a result of the collision.

¶ 5    Plaintiff Sandra Knezovich, as the personal representative of the estate of Anthony Knezovich, filed a complaint for declaratory judgment seeking a finding that Hallmark had a duty to defend and indemnify the Knezovich estate in the underlying wrongful death lawsuits.

¶ 6        Hallmark moved for summary judgment, arguing there was no coverage available to Anthony Knezovich under the policy Hallmark had issued to Franklin Aviation because a provision of the policy excluded renter pilots from coverage. The affidavit of Raymond Verheydt, the owner of Franklin Aviation, was attached to the motion. Verheydt averred that Franklin Aviation operated a flight school and rented aircraft to its customers. It charged its customers for both the rental of aircraft and instruction services. Verheydt was a certified flight instructor and provided instruction to customers as requested. Anthony Knezovich held a student pilot certificate and was a customer of Franklin Aviation, renting aircraft and receiving flight training. Verheydt informed Mr. Knezovich that he would be charged for the rental of the airplane on each flight based on an hourly rate. For those flights during which he flew with a flight instructor, he would be charged both an hourly rental fee for the use of the aircraft and the hourly rate for the instructor. When he was receiving ground instruction, he would only be charged for the instructional time. Furthermore, when he was flying without a flight instructor, he would be charged a rental fee for the use of the aircraft. Mr. Knezovich acknowledged that he understood and agreed with that arrangement.

¶ 7        Verheydt averred that after he authorized Mr. Knezovich to make his first solo flight on April 10, 2008, Mr. Knezovich was authorized to rent the aircraft to fly solo as long as Verheydt preapproved each solo flight. Aircraft rentals by certified student pilots and other certified pilots were the same except for Verheydt's preapproval requirement for student pilot solo flights and the federal regulation that prohibited a student pilot from operating an aircraft as a pilot in command while carrying passengers. On August 10, 2008, Mr. Knezovich rented the aircraft to fly solo. During that flight, the aircraft was involved in a midair collision, resulting in fatal injuries to Mr. Knezovich and destruction of the aircraft.

¶ 8        Also attached to Hallmark's motion for summary judgment was its aircraft insurance policy issued to Franklin Aviation. The named insured specified on the coverage identification page of the policy was "Franklin Aviation, Inc. and its individual shareholders and executive officers." The definitions section of the policy, provided in pertinent part:

> "a. You and your mean the [named insured].
>
> b. *Someone we protect means any person or organization we provide coverage to through this policy other than you.*
>
> c. Anyone or others means any person or organization other than you or someone we protect.
>
> * * *
>
> j. Passenger means any person who is in the aircraft or getting in or out of it. If more than one of the aircraft shown in item 5 of you Coverage Identification Page is involved in one occurrence, every person who is in any of the aircraft is a passenger.
>
> * * *
>
> n. Occurrence means a sudden event or repeated exposure to conditions, involving the aircraft during the policy period, neither expected nor intended by you or someone we protect, that causes bodily injury or property damage to others during the policy period.

***

p. *Student Pilot means any pilot holding a valid student pilot certificate issued by the FAA who is receiving flight instruction or operating the aircraft solo under the direct supervision and flight endorsement of a FAA Certified Flight Instructor*.

q. *Renter Pilot means any person or organization who is renting the aircraft from you*.

r. Pleasure and Business means use of the aircraft by you or by someone we protect for personal and business-related purposes where no charge is made for such use. You or someone we protect may receive reimbursement for expenses incurred in operating the aircraft provided such reimbursement is limited to expenses allowable, if any, to a Private Pilot under Part 61 of the FAA regulations.

s. *Instruction and/or Rental means use of the aircraft by you for the instruction of, or rental to, others for their pleasure and business purposes*. You or someone we protect may also use the aircraft for pleasure and business purposes." (Emphases added.)

¶ 9 Part 3 of the policy, entitled "Liability to Others," provided in pertinent part:

"*1. What We Cover*

We will pay for damage that you, or someone we protect, are legally required to pay for bodily injury or property damage to others caused by an occurrence during the policy period.

* * *

*2. Who Is Protected (You and Someone We Protect)*

*Except for those entitles and persons described in Paragraph 3 below, your bodily injury and property damage liability coverage protects you and someone we protect. The term someone we protect means any organization or person you permit to operate the aircraft*. The term someone we protect also includes the following:

a. any person riding in the aircraft and any person or organization legally responsible for the use of the aircraft provided such use is with your express permission; and

b. any employee while acting within the scope of his or her employment by you or someone we protect. ***

If instruction and rental, charter/air taxi or other uses involving a charge made to others are permitted by your Policy, any person who receives compensation for providing flight instruction or pilot services *** in the aircraft for your benefit or on your behalf shall be considered to be your employee acting within the course and scope of employment with respect to an occurrence that arises out of such activities, regardless of whether you deem that person to be your employee or an independent contractor for any other purposes under any state or federal employment-related ordinance, statute or regulation.

*3. Who Is Not Protected*

-4-

*Your bodily injury and property damage coverage does not protect:*

***

*b. Renter Pilots*

*A renter pilot with respect to any occurrence arising out of the operation of the aircraft by a renter pilot.*

*4. What Is Not Covered*

We do not cover *any:*

* * *

f. Student Pilots

Property damage or bodily injury if the aircraft is being operated in flight by a Student Pilot with passengers unless a passenger is a pilot acting as pilot in command [and has a current and proper medical certificate, flight review, and pilot certificate with necessary ratings, each as required by the FAA].

5. Additional Protection

***

We will:

a. Defend Claims

Defend at our expense with attorneys we choose, any claim or legal action against you or someone we protect with respect to any claims for bodily injury or property damages resulting from an occurrence we cover." (Emphases added.)

¶ 10    Defendant-appellee Suzanne Lucas and E. Perrine Downey, coexecutors of the estate of C. Michael Downey, filed a cross-motion for summary judgment seeking a finding that the Hallmark policy was ambiguous when applied to the facts in this case and, thus, Hallmark had a duty to defend and indemnify the Knezovich estate in the underlying lawsuits. The Downey estate argued that flight instruction was a permissive use of the aircraft under the policy and student pilots, as defined under the policy, fell within the scope of persons insured under the policy. Although a policy provision excluded coverage for renter pilots, that provision did not expressly exclude student pilots or mention flight instruction in any way. The Downey estate asserted that Mr. Knezovich's dual status as a student pilot and a renter pilot raised an ambiguity in Hallmark's exclusionary language that must be construed in favor of coverage in this case. Defendant-appellee William Otto, personal representative of the estate of Ralph Otto, and the Knezovich estate joined the Downey estate's cross-motion.

¶ 11    The trial court denied Hallmark's motion for summary judgment and granted Downey's cross-motion for summary judgment, concluding that the policy was ambiguous due to Mr. Knezovich's status as a student pilot. The trial court stated that it could not determine whether Mr. Knezovich was a renter pilot as defined by the policy and therefore should be excluded as an insured. Consequently, the trial court held that Hallmark had a duty to defend and/or indemnify the Knezovich estate in the underlying lawsuits.

¶ 12    Hallmark timely appealed.

¶ 13                                    II. ANALYSIS

¶ 14    Before addressing the merits of this appeal, we address the appellees' argument that Hallmark has forfeited its ability to rely upon the renter pilot policy exclusion because it breached its duty to defend the Knezovich estate and is now estopped from raising policy defenses. The appellees, however, failed to raise this argument as part of their summary judgment motion and argument before the trial court.

¶ 15    Such forfeiture notwithstanding, the appellees' estoppel argument lacks merit. Under Illinois law, if an insurer contends that a complaint does not allege a covered claim and the insurer neither defends the lawsuit under a reservation of rights nor seeks a declaratory judgment that there is no coverage, then the insurer may be estopped from raising policy defenses to coverage *if the insurer is later found to have wrongfully denied coverage*. *Employers Insurance of Wausau v. Ehlco Liquidating Trust*, 186 Ill. 2d 127, 151 (1999) ("estoppel doctrine applies only where an insurer has breached its duty to defend"). First, the record establishes that Hallmark sought a declaration of noncoverage by filing a declaratory judgment action in Wyoming, but that case was ultimately dismissed after the Knezovich estate filed the instant coverage action in Illinois. Furthermore, Hallmark is not raising a policy defense to coverage but, rather, is asserting that Mr. Knezovich is not even an insured under the policy. Finally, as discussed below, we conclude that Hallmark has no duty to defend and/or indemnify the Knezovich estate in the underlying lawsuit. See *Steadfast Insurance Co. v. Caremark Rx, Inc.*, 373 Ill. App. 3d 895, 900 (2007) (where the only basis for an insurer's alleged duty to defend is a trial court's erroneous ruling, the purported insured is not entitled to the payment of defense costs).

¶ 16    The purpose of summary judgment is to determine whether a genuine issue of material fact exists. *Bagent v. Blessing Care Corp.*, 224 Ill. 2d 154, 162 (2007). Summary judgment is appropriate only where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2010). An appellate court reviews *de novo* an appeal from a summary judgment ruling. *Horwitz v. Holabird & Root*, 212 Ill. 2d 1, 8 (2004). Specifically, the construction of an insurance policy is a question of law, which is reviewed *de novo*. *Central Illinois Light Co. v. Home Insurance Co.*, 213 Ill. 2d 141, 153 (2004).

¶ 17    Hallmark contends the trial court erroneously granted summary judgment in favor of the appellees because the unambiguous terms of the policy issued to Franklin Aviation exclude renter pilots from protection and Mr. Knezovich was a renter pilot.

¶ 18    Appellees respond that the policy's definition of a renter pilot is circular and, thus, indisputably ambiguous and subject to a court's narrow construction because the inadequately defined term is contained in a provision that excludes coverage. Appellees argue that Mr. Knezovich was not at Franklin Aviation to rent aircraft but, rather, was there to receive flight training, and Franklin Aviation's accounting methods should not determine whether he was a student or a renter pilot.

¶ 19    Specifically, the appellees argue that the policy intended to provide coverage for student pilots because: the policy recognizes that flight instruction and rental are distinct and

permissible uses of the covered aircraft; the policy broadly defines *who is covered* as "any person you [the insured] permit to operate the aircraft"; a distinction is made between renter and student pilots because the term *renter pilot* is defined in the policy separate and apart from the term *student pilot*, and the definition of a renter pilot makes no mention of student pilots; and the only coverage exclusion for student pilots is for flights in which a student pilot is operating the aircraft and carrying passengers but no passenger is a pilot acting as the pilot in command. Appellees argue that if Hallmark intended to deny coverage to students pilots, it could have said so explicitly.

¶ 20    When construing the language of an insurance policy, a court's primary objective is to ascertain and give effect to the intentions of the parties as expressed by the words of the policy. *Hobbs v. Hartford Insurance Co. of the Midwest*, 214 Ill. 2d 11, 17 (2005). Because the court must assume that every provision was intended to serve a purpose, an insurance policy is to be construed as a whole, giving effect to every provision (*Central Illinois Light Co.*, 213 Ill. 2d at 153), and taking into account the type of insurance provided, the nature of the risks involved, and the overall purpose of the contract (*American States Insurance Co. v. Koloms*, 177 Ill. 2d 473, 479 (1997)). If the words used in the policy are clear and unambiguous, they must be given their plain, ordinary, and popular meaning, and the policy will be applied as written, unless it contravenes public policy. *Hobbs*, 214 Ill. 2d at 17. "Although policy terms that limit an insurer's liability will be liberally construed in favor of coverage, this rule of construction only comes into play when the policy is ambiguous." *Id*.

¶ 21    With respect to the nature of the risk insured against, Hallmark's policy makes a critical distinction between who is protected under Franklin Aviation's liability coverage and what types of uses and risks are covered under the policy. See *Rusk Aviation, Inc. v. Northcott*, 151 Ill. App. 3d 126, 129 (1986) (holding that the insurer of the aircraft did not owe a duty to defend the student pilot who rented the plane, and there was no inconsistency between a declaration permitting use by renter or student pilots and a clause excluding renter pilots from coverage). In addition to covering Franklin Aviation as the named insured, the policy also provides coverage to "someone we[, *i.e.*, Hallmark] protect." Persons included within that *someone we protect* category are determined by looking under the provisions entitled "Who Is Protected" and "Who Is Not Protected." The clear language of the policy protects any person riding in the aircraft with Franklin Aviation's express permission and any employee of Franklin Aviation acting within the scope of his employment, but renter pilots are specifically excluded from protection under the policy. A renter pilot is simply any person or organization who rents the aircraft from Franklin Aviation. Furthermore, the policy defines *instruction* and *rental* as Franklin Aviation's use of the aircraft for the instruction of, or rental to, others for their pleasure and business purposes.

¶ 22    Here, the affidavit of Mr. Verheydt established that Mr. Knezovich paid money to Franklin Aviation to rent its aircraft for a solo flight. The fact that Mr. Knezovich was operating the aircraft as a student pilot in no way negated the fact that he was renting the aircraft from Franklin Aviation while he was furthering his training as a pilot. *Renter pilot* and *student pilot* are not mutually exclusive designations. We conclude that Mr. Knezovich is specifically excluded from being an insured because he was a person who was renting the aircraft from Franklin Aviation.

¶ 23    A court must not strain to find an ambiguity where none exists (*Rich v. Principal Life Insurance Co.*, 226 Ill. 2d 359, 372 (2007)), and the appellees' attempt to read some ambiguity into the provisions concerning policy coverage and the renter pilot exclusion is unavailing. Specifically, the appellees rely upon the policy provisions concerning the permitted use of the aircraft for instruction and rental, the definition of *someone we protect*, and the discussion of student pilots under part 3, paragraph 4(f), of the policy to suggest that student pilots fit within the *someone we protect* category under the policy. The appellees' interpretation of the policy, however, ignores the very clear provisions in part 3, paragraphs 2 and 3(b), of the policy, which establish that renter pilots are excluded from the *someone we protect* category and, thus, have no coverage under the policy. See *Hermitage Insurance Co. v. Action Marine, Inc.*, 816 F. Supp. 1280, 1284 (N.D. Ill. 1993) (a policy will not be deemed ambiguous merely because it initially states a broad coverage and then excludes coverage for specific hazards).

¶ 24    The appellees also misconstrue the unambiguous provision in part 3, paragraph 4(f), of the policy, which simply restricts Franklin Aviation's coverage by the use made of its rented aircraft and does not extend liability coverage to persons not defined as an insured. Each section of the policy serves a different purpose and must be construed accordingly (*Rusk Aviation, Inc.*, 151 Ill. App. 3d at 128), and part 3, paragraph 4(f), addresses what is covered by the policy, not who is covered. Specifically, paragraph 4(f) provides that Franklin Aviation will lose its protection if it allows a student pilot to operate the aircraft while carrying passengers, unless one of the passengers is a properly certified pilot and is acting as the pilot in command. The plain language of paragraph 4(f) decreases Franklin Aviation's coverage under certain conditions; it does not create coverage, increase the scope of coverage, or operate to add new insureds to the policy beyond those enumerated by that part of the policy that identifies who is insured. See *Continental Casualty Co. v. Pittsburgh Corning Corp.*, 917 F.2d 297, 300 (7th Cir. 1990) (applying the principle that an exclusion from insurance coverage does not create coverage). Paragraph 4(f), simply by referring to and using the term *student pilot*, does not negate the purpose and effect of the provision of the policy that clearly states that renter pilots are not protected persons.

¶ 25    Because Mr. Knezovich, as a renter pilot, is not an insured under the terms of the policy, other provisions concerning the scope of Franklin Aviation's coverage are not implicated and are not taken into consideration to determine the identity of who is insured under the terms of the policy. Finally, there was no need for Hallmark to expressly exclude coverage for student pilots because any student pilot renting a covered aircraft falls within the definition of renter pilots and does not constitute a protected person under the policy. Nothing in the provisions relied upon by appellees establishes that Mr. Knezovich was entitled to liability protection under the policy Hallmark issued to Franklin Aviation.

¶ 26                                    III. CONCLUSION

¶ 27    Because Mr. Knezovich was not a protected person under the policy, Hallmark does not owe a duty to defend the Knezovich estate. Accordingly, we reverse the judgment of the circuit court that denied Hallmark's motion for summary judgment and granted the appellees'

-8-

cross-motion for summary judgment. We remand this cause for further proceedings consistent with this opinion.

¶ 28        Reversed and remanded.